PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**FILED**
JAN 1 9 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE **Western** DISTRICT OF TEXAS
**San Antonio** DIVISION

**Tiffany Santee 1514842**
Plaintiff's Name and ID Number

**Lane Murray Unit**
Place of Confinement

CASE NO. **SA21CA0053**
(Clerk will assign the number)

v.

**James Hodges MD  1916 N. Hwy 36 B/P**
Defendant's Name and Address **Gatesville, TX. 76596**

**David Bennett P.A. 1916 N. Hwy 36 B/P**
Defendant's Name and Address **Gatesville, TX. 76596**

**Kimberly Massey Warden  5509 Attwater Ave**
Defendant's Name and Address **Dickinson TX. 77539**
( DO NOT USE "ET AL.")

**Katherine Clark Sgt.**
**Hospital Galveston**
**P.O. Box 48 substation 1**
**Galveston, TX. 77555**

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: _____
      2. Parties to previous lawsuit:
         Plaintiff(s) _____
         Defendant(s) _____
      3. Court: (If federal, name the district; if state, name the county.) _____
      4. Cause number: _____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?) _____
      7. Approximate date of disposition: _____

Rev. 05/15

II.  PLACE OF PRESENT CONFINEMENT: Lane Murray Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   X YES  __NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Tiffany Santee 1916 North Hwy 36 Bypass, Gatesville, Texas 76596

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: David Bennett (P.A.) Medical Provider UTMB Correctional Managed Healthcare 1916 N. Hwy 36 B/P Gatesville

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: James Hodges (M.D.) Medical Director UTMB Correctional Managed Healthcare 1916 N. Hwy 36 B/P Gatesville, Tx. 76596

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: Kimberly Massey Asst. Warden (Lane Murray Unit) (former Acting Warden) Texas Department of Criminal Justice 5509 Attwater Ave. Dickinson Tx. 77539

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: Katherine Clark Sergeant Texas Department of Criminal Justice Lane Murray Unit - Currently Lt. at Hospital Galveston P.O. Box 48, Substation 1 Galveston Tx. 77555

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

The events in this claim all occured on the Dr. Lane Murray Unit, Texas Department of Criminal Justice, between 8-22-2018 til present and as of the filing of this complaint I am suffering rectal bleeding and intestinal prolapse, complications from the deliberate indifference set forth in this claim. I am praying that UTMB will attempt a reversal surgery to fix the damage. P.A David Bennett caused by ignoring an emergency medical situation, Dr. James Hodges failed to intercede, and is responsible for the medical care of inmates. Attached is a detailed page how each defendant was involved in this case.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Injuctive relief in both medical and prison operational policy. Compensatory damages for injury and punitive damages

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Tiffany Holloway

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

1215557 (old) - 1514842 (current)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES _X_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ___YES ___NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?   ___ YES  _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: 1-13-21
            DATE

(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___13___ day of ___January___, 20 _21_ .
           (Day)              (month)           (year)

(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

CC: My Family + Legal Representative

K2A-31

# Texas Department of Criminal Justice

## STEP 2 OFFENDER GRIEVANCE FORM

MAR 0 7 2019

**OFFICE USE ONLY**
Grievance #: 2019053290
UGI Recd Date: FEB 07 2019
HQ Recd Date: FEB 12 2019
Date Due: 3/24/19
Grievance Code: 611
Investigator ID#: ___
Extension Date: ___

Offender Name: Tiffany Santee   TDCJ # 1514842
Unit: LM / 10 5   Housing Assignment: K3A94
Unit where incident occurred: LM Medical

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has returned unprocessed.*

---

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I am appealing Grievance #2019053290 the reply to generic and unsatisfactory. Nothing in the response addressed the actions of P.A. Bennett or Sgt. Clark Refusing, denying +/or delaying prompt and proper medical care. Nor did it address the five times in which I sought medical care, namely October 05, 2018 and October 17, 2018 or thereabout. That the time I "fell out" and had to be 911 (Ref. my Inmate A2 screen; Backgate log book; log book for transport book signed out; and 9-1-1 EMS records + Scott + White Emergency room medical records). All the foregoing references for on/about December 12, 2018. Indeed, I had an appointment on or about December 14th, 2018 AFTER I was 911ed due to the DELIBERATE INDIFFERENCE TO MY/INDIVIDUAL Medical needs and had to have lifesaving surgery by the removal of my colon. I Now have external scaring/will have to have more expensive/extensive (as well) surgeries. Further pain and suffering both Physically and mentally due to P.A. Bennett and Sgt. Clark's lack of professionalism both in their official and individual capacities. The TDCJ Code of Ethics was clearly violated by Sgt. Clark and the Hypocrate Oath by P.A. Bennett. Both Sgt. Clark and P.A. Bennett did knowingly or should have known due to their capacity that they were violating the Texas Constitution Art. 1 §13 as well as the 8th Ame. to the U.S.C.A. by treating me with Deliberate Indifference to my individual medical needs. They both also violated the following Texas Government Codes §499.102 Determinations + Recommendations (a)(7)-(8) to

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

(7)(A);(B);(C) and (8)(A)(C), +(D); Tex.Gov't.Code §501.149 Disease Management Services (a)+(b)(3); Tex.Gov't Code §501.146 Manage Health Care Plan(a); Texas Gov't.Code §494.001 Institution/division mission. Also RA. Bennett violated Correctional Managed Health Care Policy E-40.1; E-44.1 §III; A-01.1; AD-06.07. In turn both Sgt. Clark + RTS P.A. Bennett violated Tex. Pen. Code 39!

**Offender Signature:** Tiffany Santee  **Date:** February 07, 2019

**Grievance Response:**

In your Step 1 medical grievance, you stated you have been denied appropriate medical treatment for ulcerative colitis by not receiving the appropriate medication to control the disease. You are requesting to see the doctor at the Murray Unit or Hospital Galveston, to be prescribed gabapentin, and for your medical care to be paid for the rest of your life with money paid for pain and suffering.

Review of the health record reveals documentation to support the response at Step 1. Further review of the documentation shows you have received appropriate medical treatment in accordance with Correctional Managed Health Care Policy E-37.1. Although you and your healthcare providers may differ in opinion regarding your needs and the medical treatment rendered, these decisions are ultimately the responsibility of the facility providers.

You are advised to submit a Sick Call Request if you feel your condition warrants further evaluation. Your requested remedy is not a resolution available to you through the grievance program. There is no further action warranted for this issue through the appellate review.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**
**TDCJ HEALTH SERVICES DIVISION**

**Signature Authority:** _____  **Date:** 2/14/19

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission    CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)    Appendix G

Dr. James Hodges (M.D.) is the current medical director for UTMB on the Lane Murray Unit. He took over the position from Dr. Riggs who passed away. There is an overlap period because Dr. Riggs was the medical director and seeing to the medical needs of the plaintiff from the initial surgery until present day. James Hodges MD. is the acting medical director and is responsible for the care of the inmates treated at the Lane Murray Unit and the actions of providers under his direction. He holds P.A Bennetts prescribing license. He is responsible for reviewing patients charts and interceeding in cases of serious medical need when his providers fail to identify serious medical needs and conditions. Dr. Hodges knew plaintiff had serious medical needs that posed risks of permanent injury and even death and he acted with deliberate indifference. Plaintiff's condition required her to be transported by ambulance from prison to a hospital on two seperate occasions. If Dr. Hodges would have given plaintiff antibiotics and steroids when P.A. Bennett would not, it is most probable plaintiffs colon would still be intact.



Katherine Clark was a Sergent on the Lane Murray Unit of the Texas Department of Criminal Justice. She acted maliciously and sadistically on 11-23-2018 when an ICS (crisis situation) was called for plaintiff. Sgt. Clark played the role of gate keeper to emergency medical care and after forcing plaintiff to crawl on floor in plain view of security cameras, she called off the ICS when plaintiff couldn't get up and walk, and effectively stopped medical personel from helping plaintiff. Sgt. Clark stated "if plaintiff couldn't walk she wasn't going to medical." Sgt. Clark also prevented inmates from helping plaintiff back to cubicle. A complaint was made and Captain Penny Dickerson called plaintiff out in reguards to the incident and a C.D. was burned pertaining to the incident on 11-23-2018 and said it would be investigated. This delay in getting medical attention was not only humiliating, it resulted in extreme pain and life long injury.

Kimberly Massey was the Warden of the Lane Murray Unit of the Texas Department of Criminal Justice when the events in this complaint occured from 8-22-2018 to Spring of 2019. She was legally responsible for the prison operations and for the welfare of all the inmates of that prison. As Warden she fostered an environment that encouraged and permitted ranking officers and correctional officers to abuse inmates through denial of medical care. She allowed them to humiliate inmates in need of emergency medical care and when prison staff failed to help inmates, her policy allowed staff to prevent inmates from helping inmates in need of care.

David Bennett (P.A.) for the Lane Murray Medical Department ignored the standards of the medical profession and intentionally decided to take an easier, cheaper but much less effective course of treatment resulting in the removal of plaintiffs colon/bowels and subsequent placement of colostomy bag. Even after plaintiff had emergency surgery to remove colon, P.A. Bennett continued being deliberately indifferent to plaintiffs serious medical need by refusing to provide the continution of all medication prescribed by the attending surgeon and specialist from Scott and White Hospital for plaintiffs after care and follow up care after removal of her colon.

    A second emergency surgery was required on 7-3-2020 due to a hernia from complications (weakend stomach wall) due to initial surgery on 12-8-2018 resulting from failure to provide adequate care resulting in removal of plaintiffs colon and placement of colostomy bag.

    As the date of this complaint filed by plaintiff, plaintiff may need yet another surgery due to the prolapsing of her intestines.

    These events occured during the period of 8-22-2018 to Nov. 2020 and continuing.

- Diagnosed with Chron's/colitis 2016
- 8-22-2018 I-60 requesting help - bleeding from rectum
- 9-9-2018 I-60 requesting 2nd opinion was not helped still bleeding from rectum, nausea and pain
- 9-13-2018 walk-in rectal bleeding
- 9-30-2018 I-60 requesting help bleeding from rectum, and pains in stomach
- 10-4-2018 I-60 asking for 3rd opinion still bleeding from rectum, pain, nausea and dizzyness
- 10-26-2018 I-60 asking for follow-up
- 11-4-2018 I-60 asking for help bleeding from rectum, stomach pain
- 11-15-2018 rectal bleeding
- 11-23-2018 walk-in bleeding from rectum and pain
- 11-27-2018 Sick call 2nd opinion (flare-up)
- 12-2-2018 walk-in nausea, vomiting, rectal bleeding
- 12-2-2018 - 911'd CMH Hospital then transfered to Scott + White Hospital
- 12-8-2018 Surgery to have colon removed and colostomy bag placed.
- 12-13-2018 arrived back on unit
- 12-14-2018 saw P.A. Bennett for follow-up upon returning to unit and was denied all prescriptions from hospital
- 12-20-2018 Filed Step 1 Grievance
- 12-28-2018 I-60 to Mrs. Aus (over medical) in reguards to seeing P.A. Bennett and not getting help from him or the medications I came back on unit with.
- 1-27-2019 Sick call asking for help bleeding from rectum
- 1-28-2019 Step 1 Grievance returned
- 2-7-2019 Step 2 Grievance filed
- 2-14-2019 I-60 asking for help for rectal bleeding
- 2-19-2019 I-60 asking for help for rectal bleeding